IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | Criminal No. 3:15-CR-044-D(4) |
| | § | |
| CAROLINA GISELLE BERRIO, | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM

The court has today approved the attorney's fees request of Bill Pedersen, III, Esquire in the amount of the statutory maximum of $10,300. Because Mr. Pedersen has requested fees in the sum of $19,950.70 (nearly double the statutory maximum), the court is filing this memorandum explaining its reasons for declining to certify that excess compensation is necessary to provide fair compensation for extended or complex representation.

By the terms of 18 U.S.C. § 3006A(d)(3), compensation in excess of the statutory maximum "may be made for extended or complex representation whenever the court in which the representation was rendered . . . certifies that the amount of the excess payment is necessary to provide fair compensation and the payment is approved by the chief judge of the circuit." There are two preconditions to excess compensation. First, the claim must be for representation that is either extended or complex in character. Second, the award of excess compensation must be necessary to provide fair compensation.

The case involving this defendant was not extended. Although Mr. Pedersen represented the defendant from April 2015 to July 2017, his services were not rendered uniformly throughout this entire 27-month period. Nor was the case involving his client (as opposed to all 31 defendants as

a whole) a complex case. For example, Mr. Pedersen only seeks compensation for 3.6 hours for "Investigative or Other Work" and 13.4 hours for "Legal Research and Brief Writing" for a 27-month period.

Significantly, this case did not involve a trial. While this court has certified excess compensation in cases that did not go to trial, in those cases it was necessary for defense counsel to prepare as if there would be a trial: defense counsel provided services, such as filing substantive motions and engaging in trial preparations, that were consistent with those rendered in a complex or extended case. In the instant case, it is not apparent that a trial was ever anticipated, or that defense counsel provided services that would be typical of those rendered in a complex or extended case.

Finally, it is important to remember that the CJA fund is not a bottomless well. In order for adequate funds to remain available, judges must be vigilant when reviewing fee vouchers and careful when certifying excess compensation for payment. In this case, although the court through its staff requested that Mr. Pedersen consider reducing his fee application and provide better support for his claim, he persists in seeking compensation that is almost twice the statutory maximum, based on a Form CJA 26 that offers the barest of justifications. He essentially relies on two reasons to support his claim for excess compensation: first, that this was a complex case because it included 31 codefendants, and he had never before handled a prescription drug distribution conspiracy, which involved voluminous business and medical records and records from medical licensing agencies; and, second, that the defendant was a very difficult client who failed to appear for several court appearances and appointments. In the court's view, however, the defendant's case (as opposed to the case of all 31 defendants as a whole) was not complex. And while the court agrees that Mr.

Pedersen's client was difficult in a sense, the fee that is being approved—the statutory maximum of $10,300—is sufficient to compensate counsel for providing services to a difficult client.

September 5, 2017.

_____
SIDNEY A. FITZWATER
UNITED STATES DISTRICT JUDGE